**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20478
Summary Calendar

JAMES CARTER,

Plaintiff-Appellant,

VERSUS

JAMES A. LYNAUGH, ET AL

Defendants,

SAM PALASOTA; PATRICK CHRISTIAN; ARMANDO CANO,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-90-3562)

May 14, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Appellant, a state prisoner, brought a civil rights action claiming unconstitutional use of force by several prison guards. The district court granted summary judgment on qualified immunity grounds in favor of defendants. Finding that the district court determined issues of material fact we reverse and remand.

We evaluate whether Appellant has raised a valid excessive force claim under currently applicable constitutional standards

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

under the rule of <u>Hudson v. McMillian</u>, 503 U.S. 1 (1992) which requires that Appellant show that force was applied not in a good faith effort to maintain or restore discipline but maliciously and sadistically to cause harm. Because this incident occurred in 1990, the legal standard of <u>Johnson v. Morel</u>, 876 F.2d 477 (5th Cir. 1989) governs whether the officer's conduct was objectively reasonable. Under <u>Johnson</u>, Appellant must establish a significant injury which resulted directly and only from the use of excessive force and that the excessiveness was objectively unreasonable.

In his affidavit opposing the summary judgment motion, Carter stated:

> "I suffered injuries including, cuts and lacerations on my leg, a bruise on my face, a knot on the right side of my forehead, pains in my ribs, blurring of vision and sensitivity to light in my right eye, and pain in my neck region."

The district court reasoned that, while the injuries alleged may be significant under <u>Johnson</u>, Appellant had not shown that the injuries resulted directly and only from the excessiveness of the force applied. The district court further reasoned that these injuries could have occurred from a non-excessive use of force. In so doing, the district court of necessity resolved issues of material fact which is inappropriate under Rule 56. The fact that injuries may have involved the aggravation of a preexisting neck injury does not preclude the possibility of recovery. <u>Dunn v. Denk</u>, 79 F.3d 401 (5th Cir. 1996)(en banc). The district court did not, of course, have the benefit of the en banc <u>Dunn</u> opinion.

REVERSED and REMANDED.

2